MICHAEL FAILLACE & ASSOCIATES, P.C.
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
JOSE A. ALCANTARA, BOLIVAR CANELA,
EDWIN COLLADO, FREDDY CRUZ, JUAN
GONZALEZ, and VICTOR GONZALEZ,
*individually and on behalf of others similarly situated*,

                                               *Plaintiffs*,        **08 CV 00291 (BSJ) (MHD)
ECF Case**

                                  -against-

CNA MANAGEMENT, INC., and CESAR
ABREU,

                                             *Defendants*.
-------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF PLAINTIFFS' MOTION FOR
<u>CERTIFICATION OF A COLLECTIVE ACTION AND A CLASS ACTION</u>**

      MICHAEL A. FAILLACE, an attorney duly admitted to practice in New York and in this Court, affirms under penalty of perjury pursuant to 28 U.S.C. § 1746:

      1.     I am the Managing Member of the law firm Michael Faillace & Associates, P.C., attorneys for the plaintiffs in this action. I submit this affirmation in support of the plaintiffs' motion (1) certifying the plaintiffs' FLSA claims as a collective action pursuant to section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b); (2) permitting the plaintiffs to prosecute their New York Labor Law and spread-of-hours claims as a class action pursuant to Fed.R.Civ,.P. 23(b)(3); (3) directing the defendants to furnish the names and last known physical addresses of the defendants' current and former parking garage attendant employees; and (4)

authorizing the plaintiffs to post and circulate the annexed Notice of Pendency and Consent to Joinder forms to all individuals who are similarly situated in this collective action.

2. This is an action for damages and other relief for violations of the minimum wage and overtime provisions of the FLSA and the New York Labor Law and regulations. The named plaintiffs are Jose A. Alcantara, Bolivar Canela, Edwin Collado, Freddy Cruz, Juan Gonzalez, and Victor Gonzalez. Plaintiffs Alcantara, Bolivar Canela, Collado, Cruz, Juan Gonzalez, and Victor Gonzalez. So far all named plaintiffs and the plaintiffs' coworkers Pablo De la Rosa, Dante Canela, Daniel Furnial, and Luis Encarnacion, have filed consents to be plaintiffs in the collective action.

3. Exhibit A attached is a true and correct copy of the complaint.

4. Exhibit B is the proposed Notice of Pendency and Consent to Joinder form for circulation to additional prospective plaintiffs.

5. Exhibits C through J are the affidavits of plaintiffs Alcantara, Bolivar Canela, Collado, Cruz, Juan Gonzalez, and Victor Gonzalez, and coworkers and prospective plaintiffs Concepcion, Pablo De la Rosa, and Dante Canela.

6. Exhibit K is a set of excerpts from the deposition of defendant Abreu, the principal of CNA.

7. Exhibit L is a set of excerpts from the deposition of plaintiff Juan Gonzalez.

8. Exhibit M is a set of excerpts from the deposition of plaintiff Jose Alcantara.

9. The plaintiffs and their coworkers and prospective class members are current and former employees of parking garage corporations owned or operated, or both, by defendant Abreu. Payroll functions for these facilities were performed by defendant CNA Management Inc. ("CNA"). Abreu also owns and operates CNA. Abreu and the plaintiffs' supervisor,

Rodolfo Morel, who reported directly to Abreu, actively managed the company including hiring and firing employees, controlling the terms and conditions of their employment, and determining the rate and method their compensation. Complaint, ¶¶ 1-3; 10-66, 68; Abreu depo., pp. 6-10; 14-34; 36-40; 47-53; 55, 58-63; 101-105.

10.     The plaintiffs and other prospective class members were employed by the defendants as parking garage attendants for various periods of time from 1988 to August, 2007. This action was commenced on January 14, 2008. Accordingly, the plaintiffs seek collective action certification on the FLSA claims as to all workers employed as parking garage attendants by the defendants from January 14, 2005 to the present, and Rule 23 class action certification on the New York Labor Law claims from January 14, 2002 to the present.

11.     The moving affidavits and deposition testimony establish that the plaintiffs and other parking garage attendants were subjected to a common set of employment policies and practices by the defendants.

- The attendants' common duties included interacting with customers and parking and returning the customers' cars. They were also required to keep the garage and the pavement outside the garage clean. Dante Canela aff., ¶ 5; Collado aff., ¶ 8; Cruz aff., ¶ 5; Alcantara aff., ¶ 5; Juan Gonzalez aff., ¶ 5; Concepcion aff., ¶ 5; De La Rosa aff., ¶ 5; Victor Gonzalez aff., ¶ 5[1]; Abreu depo., pp. 67-68.

- They regularly worked 12 hours a day, six or seven days a week, without being paid the required minimum wage and overtime. Complaint, ¶ 75; Dante Canela aff., ¶¶ 6-8; Collado aff., ¶¶ 9-10; Cruz aff., ¶¶ 6-9, 14; Alcantara aff., ¶¶ 6-7, 13; Juan Gonzalez aff., ¶¶ 7-9, 14; Concepcion aff., ¶¶7, 11; De La Rosa aff., ¶¶ 7-8[2]; Victor Gonzalez aff., ¶¶ 7, 16; Abreu depo., pp. 82-83.

---

[1]     Plaintiff Alcantara was also assigned to deal with unhappy customers whose cars were damaged or who had other issues; and to perform handyman duties such as painting the garage and repairing gates and elevators. Starting in November 2004 he was also responsible for collecting envelopes from the garages and bringing them to the CNA office. Alcantara aff., ¶ 5; Alcantara depo., pp. 12-16.

[2]     Starting in 2007, De La Rosa and plaintiff Dante Canela worked eight-hour shifts, four or five days a week. De La Rosa aff., ¶ : Dante Canela aff., ¶ 10.

- The defendants paid the workers partly or entirely in cash, and did not keep accurate timesheets and payroll records, in violation of the FLSA and New York law. This enabled the defendants to misrepresent the actual number of hours the attendants worked and thus to avoid paying them the required minimum wage and overtime. Although the attendants regularly worked 72 or more hours per week, generally the paychecks reflected 40 hours of work a week, with a minimal number of "overtime" hours at time and a half.   Complaint, ¶¶ 70-80; Dante Canela aff., ¶¶ 11-18; Collado aff., ¶¶ 11-19; Cruz aff., ¶¶ 10-22; Alcantara aff., ¶¶ 11-17; Juan Gonzalez aff., ¶ 11-17; Concepcion aff., ¶ 9-14; De La Rosa aff., ¶¶ 12-17; Victor Gonzalez aff., ¶¶ 13-20.

- This practice also enabled the defendants to evade paying spread-of-hours pay as it usually reduced the reported hours below 10 a day.  Complaint, ¶ 81 ; Dante Canela aff., ¶ 23; Collado aff., ¶19; Cruz aff., ¶22; Alcantara aff., ¶ 20; Juan Gonzalez aff., ¶ 20; Concepcion aff., ¶ 17; De La Rosa aff., ¶ 25; Victor Gonzalez aff., ¶ 24.

- The defendants also failed to post required notices or otherwise provide the attendants with information concerning the minimum wage and overtime requirements under the FLSA and New York law.  Complaint, ¶¶ 72, 77, 85; Dante Canela aff., ¶ 33 ; Collado aff., ¶¶ 36-37; Cruz aff., ¶¶ 36-37; Alcantara aff., ¶ 34-35; Juan Gonzalez aff., ¶¶ 33-34 ; Concepcion aff., ¶¶ 31.32 ; De La Rosa aff., ¶¶ 36-37 ; Victor Gonzalez aff., ¶¶ 34-35.

- The attendants were regularly denied meal and other break time.  The defendants prohibited the attendants from leaving the parking lot unattended, and as a result the attendants were often required to work their entire 12-hour shifts without receiving a meal break.  They were allowed neither a thirty-minute break for lunch, nor an additional 20 minute break between 5 P.M. and 7 P.M. for those employed on a shift starting before 11 A.M. and continuing after 7 P.M., as required by Nevertheless, the defendants regularly deducted meal and break time from Plaintiffs' hours.  Complaint, ¶¶ 83-84; Dante Canela aff., ¶¶ 25-27; Collado aff., ¶¶ 25-28; Cruz aff., ¶ 24-26; Alcantara aff., ¶¶ 22-23; Juan Gonzalez aff., ¶¶ 22-23; Concepcion aff., ¶¶ 19-20; De La Rosa aff., ¶¶ 27-29; Victor Gonzalez aff., ¶¶ 26-28.

- The defendants regularly made unlawful deductions from the plaintiffs' pay, for damage to vehicles, money missing from the cash register, or money which management said should have been collected from customers.  Complaint, ¶¶ 87-89; Collado aff., ¶¶ 29-31; Cruz aff., ¶¶ 27-29; Alcantara aff., ¶¶ 24-26; Juan Gonzalez aff., ¶¶ 24-26; Concepcion aff., ¶¶ 21-24; De La Rosa aff., ¶¶ 18-21; Victor Gonzalez aff., ¶¶ 10-12.

- The defendants failed to inform the attendants whether the occasional tips the attendants received would be counted towards their compensation, and failed to provide an accounting of their tips.  Dante Canela aff., ¶ 24; Collado aff., ¶ 20; Cruz aff., ¶ 23; Alcantara aff., ¶ 21; Juan Gonzalez aff., ¶ 21; Concepcion aff., ¶ 18; De La Rosa aff., ¶ 26; Victor Gonzalez aff., ¶ 25.

- When the workers complained to Morel that they were being paid less than their lawful pay, Morel took no action, except to rebuff their complaints with comments such as that the owner, Abreu, "would get back to them," which did not happen, or that they should look for another job because other workers could be found to replace them, or other excuses. Dante Canela aff., ¶¶ 19-22; Collado aff., ¶¶ 22-24; Alcantara aff., ¶¶ 18-19; Juan Gonzalez aff., ¶¶ 21; Concepcion aff., ¶ 15-16; De La Rosa aff., ¶ 22-24; Victor Gonzalez aff., ¶ 21-23.

- There are many other workers besides the named plaintiffs who were employed by the defendants as parking attendants. They had the same responsibilities; worked the same schedule or hours, or both; and reported to the same manager, Morel. The plaintiffs and their coworkers who have submitted affidavits are are aware of and spoke with other employees in the same situation, and they specifically name at least 27 of these other workers, In addition, there was a high turnover rate among employees, and so the actual number of prospective class members may be even higher. Dante Canela aff., ¶¶ 28-32; Collado aff., ¶¶ 32-35; Cruz aff., ¶¶ 30-35; Alcantara aff., ¶¶ 27-33; Juan Gonzalez aff., ¶¶ 27-32; Concepcion aff., ¶¶ 25-30; DeLaRosa aff.,¶¶ 30-35; Victor Gonzalez aff.,¶¶ 29-33. See also Juan Gonzalez depo., pp. 22-23, 26-29, 31-32, 35-37; Jose Alcantara depo., pp. 12-16, 27-28, 41, 46-47, 60.

12. Exhibit N is the affirmation of Richard F. Bernstein pursuant to Fed. R. Civ. P. 23(g)(1).

13. I have represented the plaintiffs in at least 50 actions under the FLSA and New York Labor Law and regulations. Among the cases I have brought, two have been certified as collective actions under the FLSA, and I am currently seeking certification of an FLSA collective action, a Rule 23 class action, or both, in seven other cases. In the present action, the work I have done in identifying and investigating potential claims includes factual investigation, including meeting and conferring with clients and reviewing their documents; communication with opposing counsel concerning discovery responses; research and other preparation for and attendance at depositions of two plaintiffs and of defendant Abreu; and meeting and communication with plaintiffs and witnesses to prepare affidavits for the present motion. The resources that my firm will commit to representing the class include: conducting all aspects of the litigation, on a contingent fee basis, and advancing costs and expenses of the litigation. Costs

and reasonable attorneys' fees will be recovered from the defendants as may be ordered by the court if the plaintiffs prevail.

14. For the reasons set forth above and in the attached exhibits, and in the accompanying memorandum of law, I respectfully request that the court grant the plaintiffs' motion in its entirety.

Dated: New York, New York
December 1, 2008

Respectfully submitted,

/s/
Michael A. Faillace [MF-8436]