BARNES IACCARINO VIRGINA
AMBINDER AND SHEPHERD, PLLC
James Emmet Murphy, Esq. (JM7481)
111 Broadway, Suite 1403
New York, New York 10006
(212) 943-9080
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSE A. ALCANTARA, BOLIVAR CANELA, EDWIN COLLADO, FREDDY CRUZ, JUAN GONZALEZ, and VICTOR GONZALEZ, individually and on behalf of others similarly situated,<br><br>                                                     Plaintiffs,<br><br>                        -against-<br><br>CNA MANAGEMENT, INC., and CESAR ABREU,<br><br>                                                     Defendant. | 08 CV 291 (BSJ)(MHD)<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br>(FILED VIA ECF) |

## INTRODUCTION

Plaintiffs are a group of former employees of Defendant CNA Management, who allege to have worked as parking attendants at various parking garages operated by CNA Management in Harlem and the Bronx. On or about January 14, 2008, Plaintiffs commenced the instant action alleging underpayment of wages under the Fair Labor Standards Act and various provisions of the New York Labor Law. Plaintiffs now move for an order: a) permitting them to send a Notice of Pendency of their Fair Labor Standards Act claims to other "similarly situated" workers under 29 U.S.C. § 216(b); and b) granting class certification under Federal Rule of Civil Procedure 23. Initially, Defendants concede that a Notice of Pendency under 29 U.S.C. § 216(b) is proper,

although the proposed Noticed of Pendency submitted as Exhibit B to Plaintiffs' Affirmation in Support[1] is improper as currently drafted.

However, Plaintiffs have clearly failed to establish, as a matter of law, their entitlement to certification of a class under F.R.C.P. Rule 23. Particularly, Plaintiffs have indisputably failed to satisfy the requirements of Rule 23(a)-1 ("the class is so numerous that joinder of all members is impracticable") and Rule 23(a)-4 ("the representative parties will fairly and adequately protect the interests of the class"). Under Rule 23(a)-1, a class must ordinarily consist of at least forty members in order to satisfy the "numerosity" requirement (Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir 1993)). Here, Plaintiffs' collective submissions fail, on their face, to even allege the existence of forty or more potential class members, and Plaintiffs' counsel fails to address the fact that their firm has represented no less than twenty five former employees who have settled and released their claims against Defendants, and thus could not be members of any proposed class. Further, Plaintiffs have failed to even *allege*, let alone establish, that the proposed class representatives would "fairly and adequately protect the interests of the class." For these reasons, Plaintiffs' motion for certification of a Rule 23 class must fail.

## POINT I:
## DEFENDANTS CONCEDE THAT DEFENDANTS' REQUEST FOR COURT-APPROVED NOTICE OF PENDENCY PURSUANT TO 29 U.S.C. § 216(b) SHOULD BE GRANTED

While Defendants deny the factual allegations forming the basis of Plaintiffs' Complaint and substantive requests for relief, Defendants concede that, at this stage, Plaintiffs' request for collective action certification under 29 U.S.C. § 216(b) is proper. Under that provision, workers

---

[1] References are made to the following documents: Affirmation of Michael Faillace of December 1, 2008, in support of Plaintiffs' instant motion (the "Affirmation in Support"); Memorandum of Law of Michael Faillace of December 1, 2008 (the "Memorandum in Support"); Declaration of James Emmet Murphy of December 31, 2008, in Opposition to Plaintiffs' Motion (the "Murphy Declaration").

may maintain an action against an employer "for and in [*sic*] behalf of... themselves and other employees similarly situated," and Plaintiffs need only make an exceedingly limited showing in order to have the Court approve a notice of pendency of such an action to other employees. In order to obtain Court-approved notice to other similarly situated workers under a 216(b) "collective action," "the court will look at the pleadings and affidavits. If the plaintiff satisfies the minimal burden of showing that the similarly situated requirement is met, the court certifies the class as a collective action." (Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363 (S.D.N.Y. 2007) (*internal punctuation omitted*)).

In approving the issuance of a notice of pendency under 29 U.S.C. § 216(b), "the court does not resolve factual disputes, decide substantive issues going to the ultimate merits, or make credibility determinations." (Lynch v. United Services Automobile Association, 491 F.Supp.2d 357 (S.D.N.Y. 2007)). As such, the Court need not inquire into the merits of Plaintiffs' allegations – which, again, Defendants vigorously dispute – but rather need look only to the pleadings and affidavits (*see* Iglesias-Mendoza, *supra*, 239 F.R.D. 363 (S.D.N.Y. 2007)). Since "[t]he burden for demonstrating that potential plaintiffs are 'similarly situated' is very low at the notice stage," (Lynch, *supra*, 491 F.Supp.2d at 368 (S.D.N.Y. 2007)), and since Defendants concede that Plaintiffs' pleadings and affidavits establish, on their face and without inquiry into their merits, the existence of other "similarly situated" individuals, Plaintiffs' request for Court approval of a notice of pendency of this action to other employees of Defendants is proper. However, as will be discussed further in Point III, *infra*, Plaintiffs' proposed notice to the class members is improper, and should not be approved in its current form.

**POINT II:**
**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION UNDER FRCP RULE 23**
**MUST BE DENIED**

While Plaintiffs may proceed with their Fair Labor Standards Act claims as a "collective action" under 29 U.S.C. § 216(b), individual workers must affirmatively consent, or "opt-in," in order to participate in such an action. *See generally* Hoffman-La Roche, Inc. v. Sperling, 493 U.S. 165 (1989) ("an individual may become a party plaintiff in a collective action only if he files with the court his 'consent in writing'"). As such, certification of a Rule 23 class action, or "opt-out" action, cannot be had for Plaintiffs' claims under the Fair Labor Standards Act. In addition for moving for conditional certification of a § 216(b) collective action on their claims under the Fair Labor Standards Act, Plaintiffs now move for certification of a Rule 23 class action for their overtime and related claims under New York State Law[2]. For a variety of reasons, Plaintiffs' motion for Rule 23 class certification must be denied.

In order for the Court to certify a class action under FRCP Rule 23, Plaintiffs must establish all of the elements of FRCP Rule 23(a), and at least one of the elements of FRCP Rule 23(b). Of the four required elements for class certification under Rule 23(a) – that the class be so numerous that joinder of all members is impracticable ("numerosity"), that there be questions of law or fact common to the class ("commonality"), that the claims or defenses of the representative parties are typical of the claims or defenses of the class ("typicality"), and that the representative parties will fairly and adequately protect the interests of the class ("adequacy of

---

[2] While Plaintiffs' Complaint requests liquidated damages on their New York Labor Law claims (*see* Affirmation in Support, p. 18, ¶ J), it is clear that this relief cannot be sought by Plaintiffs in the context of a class-action litigation. Under New York Civil Practice Law and Rules § 901(b), no statutory cause of action assessing liquidated damages may be brought as a class action, and Federal Courts applying New York law have routinely refused to certify classes on this basis (*see* Dornberger v. Metropolitan Life Insurance Company, 182 F.R.D. 72 (S.D.N.Y. 1998)). In order to maintain a class action under the New York Labor Law, any claim for liquidated damages must be waived (*see* Brzychchnalski v. Unesco, Inc., 35 F.Supp.2d 351 (S.D.N.Y. 1999)).

representation") – Plaintiffs have unquestionably failed to meet at least two. Plaintiffs' showing of numerosity is clearly insufficient to establish that a group of putative class members exists which is sufficiently large so that joinder is impracticable as required under controlling caselaw, and Plaintiffs have utterly failed to even *allege* – much less prove – that the proposed class representatives will adequately protect the interests of the class. As such, regardless of Plaintiffs' allegations regarding the remaining prerequisites for class action certification, Plaintiffs' motion for Rule 23 class certification must be denied.

## A. Numerosity

Rule 23(a)-1 requires that the class be so numerous that joinder of all class members is impracticable. While Courts have held that "impracticability for purposes of Rule 23 class certification does not mean impossibility," Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 370 (S.D.N.Y. 2007), some evidentiary showing of impracticability must be made. There is no requirement that the exact number of class members be immediately known. As stated by the Court in Velez, supra:

> "Although a plaintiff need not present a precise calculation of the number of class members and it is permissible for the court to rely on reasonable inferences drawn from available facts, the movant 'must show some evidence of or reasonably estimate the number of class members.'"
> Velez v. Majik Cleaning Service, Inc., 2005 WL 106895 *2 (S.D.N.Y. January 19, 2005)

It is fundamental that there must be some evidence of the class size alleged by Plaintiffs. "Where the plaintiff's assertion of numerosity is pure speculation or bare allegations, the motion for class certification fails." Edge v. C. Tech Collections, Inc., 203 F.R.D. 85 (E.D.N.Y. 2001). Indeed, when Plaintiffs' evidence of numerosity consists, as here, of nothing more than blanket assertions, the motion for class certification must fail regardless of the sufficiency of other Rule

23 factors (<u>Lewis v. National Financial Systems, Inc.</u>, 2007 WL 2455130 (E.D.N.Y. August 23, 2007)). The usual minimum number of class members required for a showing of impracticability of joinder is forty. <u>Velez</u>, 2005 WL 106895 *2. Here, Plaintiffs have offered nothing more than "pure speculation [and] bare allegations" in attempting to establish the existence of more than forty prospective class members, and Plaintiffs' motion for class certification must be denied.

Defendants submit eight documents purporting to be affidavits of former employees of Defendants in support of their instant motion; although Bolivar Canela is an individual named in Plaintiffs' Complaint, and presumably is a proposed class representative, he has not submitted an affidavit in support of Plaintiffs' motion for class certification. One of the individual affiants, Octavio Concepcion (Affirmation in Support, Ex. I), specifically admits that he does not have a claim against Defendants – Mr. Concepcion claims to have worked for Defendants between May 2000 and December 2001. Under New York Labor Law § 198-3, an action to collect unpaid overtime or other wages under New York law must be commenced within six years; as this action was filed on January 14, 2008 (*see* Affirmation in Support, Ex. A (Complaint in the instant action)), Mr. Concepcion's claims are untimely.

No Plaintiff claims to have worked with, or met during the course of their employment, more than 20 other potential putative class members (*see generally* Affidavit of Dante Canella, Affirmation in Support Ex. C (met 15-20 other employees during the nine year period he worked for the company, between 1999 and 2008); Affidavit of Freddy Cruz, Affirmation in Support Ex. F (met "at least twenty" other workers during three years working for Defendant); Affidavit of Juan Gonzalez, Affirmation in Support Ex. G (met "at least twenty" other workers during three years working for Defendant)). Similarly, during the deposition of proposed class representative

Juan Gonzalez, Mr. Gonzalez recalled working with only "approximately twenty" other workers during his time with the company. (Murphy Declaration, Ex. C, p. 27:3-20).

Of particular significance is the affidavit of Plaintiff and proposed class representative Jose Alcantara, who worked for Defendants for over eight years (Murphy Declaration, Ex. B at p. 7:15-20). During Mr. Alcantara's deposition, he testified that his job included, between 2004 and 2007, *daily* visits to *each* of the parking garages operated by Defendants, seven days per week (Murphy Declaration, Ex. B, at pp. 15:21- 16:5), presumably allowing him to meet each worker who worked for Defendants during this period. And yet, Mr. Alcantara, in his Affidavit submitted with Plaintiffs' motion papers as Exhibit G to the Affirmation of Michael Faillace, can only recall meeting "at least fifteen" coworkers during his eight year tenure with Defendants (Alcantara Affidavit, ¶ 27), and can only recall the names of six of them (Alcantara Affidavit, ¶¶ 30, 31). At his deposition, Mr. Alcantara specifically testified that he had "no idea" how many parking attendants worked for Defendants during the time period at issue (Murphy Declaration, Ex. B, pp. 38:17- 39:3), and "no idea" how much any of them were paid (Murphy Declaration, Ex. B, p. 39:4-6). Owing to Mr. Alcantara's long tenure with Defendants, and his job duties, which included, by his own admission, visiting each of the job sites every day for several years (Murphy Declaration, Ex. B, p. 16:2-5), the fact that he can only recall meeting "at least fifteen" other employees of Defendants casts serious doubt on Plaintiffs' allegations that "the class members are sufficiently numerous to warrant class certification" (Memorandum in Support, p. 8).

It is important to note that *nowhere* in Plaintiffs' motion papers is it alleged that a putative class of more than 40 people exists, other than the blanket, unsupported assertion in Plaintiffs' Memorandum of Law that "Particularly given the high rate of turnover, the

7

prospective class easily includes more than 40 members." (Memorandum in Support, p. 8). When faced with a largely identical allegation on a motion to certify a class under New York overtime law – "Plaintiffs' memorandum merely states that '[t]he precise number of such persons is unknown (although it is suspected that the number exceeds 40 people)'" – Courts have specifically decline to address any other Rule 23 factors, holding that "Plaintiffs' having failed to satisfy the first requirement under <u>Rule 23(a)</u>, the Court need go no further." (<u>Lewis</u>, *supra*, 2007 WL 2455130 * 8 (E.D.N.Y. August 23, 2007)). As Plaintiffs here have offered only speculation that the size of the proposed class could exceed 40 individuals, Plaintiffs' motion must be denied.

Further, none of Plaintiffs' papers mention the fact that numerous former employees of Defendants, including many of the employees Plaintiffs name in their affidavits as allegedly having been aggrieved, have settled wage claims with Defendants and executed releases for same[3]. Jose Luis Robles, named in six of the Affidavits submitted by Plaintiffs here, previously had his claims for unpaid overtime wages settled with the New York State Department of Labor (Murphy Declaration, Ex. D), and would thus be barred by *res judicata* and release from becoming a class member in this putative class action. Plaintiffs' counsel has twice before represented workers in actions against Defendants here, which were settled and discontinued; those workers are similarly barred from being part of this class, as their claims have been released in prior settlements. (Murphy Declaration, Exs. E, F, G). In the action entitled <u>Alvarez v. 3795 10th Avenue Parking Corp.</u>, (Murphy Declaration, Ex. E), Plaintiffs' counsel settled the claims of Pedro Hernandez and William Lantigua – each of whom is named as a potential class

---

[3] As Defendant Cesar Abreu testified during his deposition, as a result of prior litigation instituted by counsel to the Plaintiffs herein, Defendants' payroll practices changed subsequent to a prior lawsuit brought against Defendant Cesar Abreu by Plaintiffs' current counsel. (Murphy Declaration, Ex. A, at p. 78:14-22).

member by Plaintiffs. In a separate action entitled <u>Cepeda v. Easy Way Parking</u>, Plaintiffs' counsel settled the claims of twenty one (21) former employees of Defendants (Murphy Declaration, Exs. F, G) – including Wilfredo Tavares, Jose Fernandez, Guarionex Santos, and Christian Santos, each of whom was named as a potential putative class member in Plaintiffs' proffered affidavits. A brief summary of the workers named in Plaintiffs' proffered affidavits whose claims have already been settled follows herein:

| Workers Who Settled Claims: | Claims Settled By: | Named in Plaintiffs' submitted Affidavits at Plaintiffs' Exhibits: |
| --- | --- | --- |
| Jose Luis Robles | NYS Department of Labor | C, E, F, G, H |
| Pedro Hernandez | <u>Alvarez v. 3795 10th Avenue Parking Corp.</u> | H |
| William Lantigua | <u>Alvarez v. 3795 10th Avenue Parking Corp.</u> | F |
| Wilfredo Tavares | <u>Cepeda v. Easy Way Parking</u> | G |
| Jose Fernandez | <u>Cepeda v. Easy Way Parking</u> | I |
| Guirionex Santos | <u>Cepeda v. Easy Way Parking</u> | G |
| Christian Santos | <u>Cepeda v. Easy Way Parking</u> | G |

In short: none of the Plaintiffs and potential Class Representatives alleges to have worked with more than 20 other individuals who might potentially be aggrieved employees. Plaintiffs allege that there are nine former employees of Defendants who have are either named Plaintiffs or who have submitted affidavits, and twenty-seven others whom they have named specifically (<u>see</u> Memorandum in Support, p. 8). Even assuming each and every one of these individuals is a putative class member, this total falls short of the level of forty usually required to certify a class (<u>Robidoux v. Celani</u>, 987 F.2d 931, 935 (2d Cir 1993)). However, one of the affiants, Octavio Concepcion, by his own admission, has no timely claim against Defendants (and is the only affiant who remembers working with an "Esmeraldo," who worked with Mr. Concepcion outside of the time period covered by this action); and seven of the individuals named by Plaintiffs have

already settled and released their claims against Defendants and thus could not be members of the putative class. While Plaintiffs claim that the putative class size must be larger than forty "[p]articularly given the high rate of turnover," (Memorandum in Support, p. 8), *none* of the affiants, despite some having worked for Defendants for nearly a decade, could recall working with more than approximately twenty other individuals – and, of course, those numbers already reflect this alleged "high rate of turnover."

Twenty-one former employees of Defendants settled their claims against Defendants in June of 2003; four more settled their claims against Defendants in September of 2005. Plaintiffs' counsel, and proposed class counsel for the putative class, is well aware of these settlements, as he represented Plaintiffs in those actions (Murphy Declaration, Exs. E, F, G). Jose Alcantara, who was in the best possible position to estimate the potential size of the class, due to his job duties which required him to travel to each of Defendants' locations each day (Murphy Declaration, Ex. B, at pp. 15:21- 16:5), estimated the number of workers he met to be "at least 15." (Alcantara Affidavit, ¶ 27). As Defendant Cesar Abreu has testified, his business has grown smaller over time (Murphy Declaration, Ex. A, pp. 16-18), subsequent to the settlement of claims by former employees of Defendants. Contrary to Plaintiffs' allegations, there are simply not enough putative class members to warrant class certification, and Plaintiffs' motion for certification of a Rule 23 class must be denied.

**B. Adequacy of Representation**

Under Federal Rule of Civil Procedure 23(a)(4), "Both class representatives and class counsel have responsibilities to absent members of the class. Under Rule 23, the court cannot properly certify the action to proceed as a class action unless it is satisfied that the representative plaintiffs will fairly and adequately protect the interests of the class." (Maywalt v. Parker &

Parsley Petroleum Co., 67 F.3d 1072 (2nd Cir. 1995) (internal punctuation omitted)). As the

Second Circuit has held:

> [C]lass certification may properly be denied "where the class representatives
> ha[ve] so little knowledge of and involvement in the class action that they would
> be unable or unwilling to protect the interests of the class against the possibly
> competing interests of the attorneys." Kirkpatrick v. J.C. Bradford & Co., 827
> F.2d 718, 727 (11th Cir.1987), *cert. denied,* 485 U.S. 959, 108 S.Ct. 1220, 1221,
> 99 L.Ed.2d 421 (1988). Once the action has been certified to proceed as a class
> action, it is incumbent on the class representatives to be alert for, and to report to
> the court, any conflict of interest on the part of class counsel, as for example,
> counsel's greater concern for receiving a fee than for pursuing the class claims.
> *Id.* at 1077-1078.

Clearly, both the plan language of Rule 23 and the cases interpreting it create a duty on

the part of proposed class representatives to represent the interests of the absent class members

separate and apart from their own interests. Here, Plaintiffs have not made even the barest

attempt to show that the proposed class representatives would fairly and adequately represent the

interests of the class, or, indeed that they are even aware of any obligation whatsoever on their

part to do so. In determining whether the proposed class representatives will adequately represent

the interests of the class, courts must inquire into various factors regarding the Plaintiffs' ability

to adequately represent the class, "such as whether the named plaintiffs are familiar with the

action [and] whether they have abdicated control of the litigation to class counsel." (Velez v.

Majik Cleaning Service, Inc., 2005 WL 106895 *3 (S.D.N.Y. January 19, 2005)). This is

necessary because, as proposed representatives of a putative class of other workers, "class

representatives... have fiduciary duties towards the other members of the class." (Martens v.

Thomann, 273 F.3d 159, 173 (2nd Cir. 2001); *see also* Deposit Guaranty National Bank, Jackson

Mississippi v. Roper, 445 U.S. 326 (1980) (there is a "responsibility of named plaintiffs to

represent the collective interests of the putative class")).

Here, in their affidavits submitted in support of Plaintiffs' motion for Rule 23 class certification[4], (Affirmation in Support Exs. D, E, F, G, and H), *none* of the proposed class representatives have expressed any knowledge whatsoever that they are bringing this suit on behalf of other workers. None of the proposed class representatives acknowledge any duty to faithfully represent the interests of the putative class members. None of the proposed class representatives expresses a willingness to faithfully uphold a fiduciary duty to absent putative class members.

Other than a passing reference to the affidavits being submitted "in support of the plaintiffs' motion for collective action and class certification," (Affirmation in Support Exs. D, E, F, G, H, each at ¶ 1), none of the proposed class members even mention the fact that that this action was brought as a class action. In short, none of the proposed class representatives does anything more than state the nature of their own claim and that others might exist with similar claims. None of the proposed class representatives expresses any knowledge of their duties as class representatives, or ability or desire to take on those duties. Indeed, even in their Memorandum of Law in support of the instant motion, Plaintiffs allege that there are no antagonistic interests between the proposed Class Representatives and the putative class members (Memorandum in Support, pp. 11-12), but fail to even mention – or, indeed, recognize – that there is any obligation whatsoever on the part of the proposed class representatives to fairly and adequately protect the interests of the putative class members.

---

[4] Proposed class representative Bolivar Canela has not submitted any affidavit on the instant motion; as such, he is clearly an inadequate representative of the class, as he has set forth no evidentiary basis whatsoever for his own claims, and no evidence whatsoever that he would fairly and adequately represent the interests of the proposed class members.

Of particular importance on this point is the deposition testimony of proposed class representative Juan Gonzalez (Murphy Declaration, Ex. C). When asked at his deposition if he knew what a "class action" was, Mr. Gonzalez responded that he did not (Murphy Declaration, Ex. C, p. 26:18-21). Tellingly, after being shown a copy of Plaintiffs' discovery responses at his deposition – and being pointed to the caption of this lawsuit on the front page of said responses – Mr. Gonzalez testified that had never seen any papers bearing the caption to this lawsuit (Murphy Declaration, Ex. C, p. 28:2-13). The papers which bear the caption to this lawsuit – such as the pleadings, discovery responses, and, critically, Mr. Gonzalez' own affidavit (Affirmation in Support, Ex. H) – all bear the caption to this lawsuit. The fact that Mr. Gonzalez has never been shown *any* of these papers clearly indicates that he has "so little knowledge of and involvement in the class action that [he] would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." (Maywalt, *supra*, 67 F.3d at 1077 (2nd Cir. 1995) (*quoting* Kirkpatrick v. J.C. Bradford & Co., 827 F.2d at 727 (11th Cir. 1987))).

While individually named Plaintiffs in a collective action under 29 U.S.C. § 216(b) need only allege that they have a claim and that other similarly situated individuals may also have claims, proposed class representatives seeking class certification under Rule 23(a)-4 *must* establish that they "will fairly and adequately protect the interests of the class." Plaintiffs here have not even made an attempt to establish this element of class certification, and for that reason alone, Plaintiffs' motion must be denied.

**POINT III:**
**PLAINTIFFS MAY NOT REMEDY ANY PROCEDURAL DEFECTS ON REPLY**

"The party seeking to certify a class bears the burden of establishing the prerequisites of Rule 23." (In re Visa Check / Mastermoney Antitrust Litigation, 192 F.R.D. 68 (E.D.N.Y. 2000);

*citing* <u>Amchem Products Inc. v. Windsor</u>, 521 U.S. 591 (1997)). As a fundamental matter of civil procedure, arguments made for the first time in reply are not properly before the Court (*see generally* <u>Seneca Insurance Co., Inc. v. Wilcock</u>, 2005 WL 2898460 *8 (S.D.N.Y. November 3, 2005); *see also* <u>Knipe v. Skinner</u>, 999 F.2d 708 (2nd Cir. 1993) ("[a]rguments may not be made for the first time in a reply brief.")). Especially considering the requirement of F.R.C.P. Rule 23(a) that proposed class counsel must be competent to protect and promote the interests of the class – which necessarily requires that class counsel be mindful of the procedural requirements for Rule 23 class actions – Plaintiffs cannot be allowed to remedy any of the myriad procedural defects in their motion for class certification on reply.

**POINT IV:**
**PLAINTIFFS' PROPOSED NOTICE OF PENDENCY IS IMPROPER**

While Defendants concede that sending a notice to potential claimants under 29 U.S.C. 216(b) is proper in this case, Plaintiffs' proposed notice of pendency (included in the Affirmation in Support as Exhibit B) contains numerous defects which must be remedied before such a notice is sent.

Initially, Plaintiffs' proposed notice is addressed to all employees employed by Defendants who worked over forty hours in a given workweek, or who were not paid minimum wage. Plaintiffs' proposed notice makes no mention of any employees who are or may be exempt from the requirements of the Fair Labor Standards Act under 29 U.S.C. § 213; as such, Plaintiffs' definition of the "similarly situated" class is overbroad.

Additionally, Plaintiffs' Notice, at section 2, states that employees may "join this lawsuit if [they] worked for any of the companies or persons listed above at any time on or after January 14, 2002." While the named Plaintiffs' New York State claims may, under the Statute of Limitations set forth under New York Labor Law § 198(3), go back to January of 2002, the New

14

York Labor Law contains no mechanism, similar to that of 29 U.S.C. § 216(b), for workers to "join" an action. As such, the only claims asserted in the Complaint which workers may consent to join are those under the Fair Labor Standards Act, which contains a two year statute of limitations, or three for willful violations. Thus, the proper "look-back" period as stated in Plaintiffs' Notice of Pendency should be three years from the date the Notice is sent.

Under 29 U.S.C. § 256(b), the statute of limitations on FLSA claims for opt-in Plaintiffs runs from the date the opt-in Plaintiff files a consent to joinder. As such, any opt-in Plaintiffs' claims would only go back, assuming a finding of willfulness, three years from the date the opt-in notice is filed. In keeping with the provisions of 29 U.S.C. § 256(b), courts authorizing notices of pendency under 29 U.S.C. § 216(b) routinely indicate that the proper time period for notices to be sent is three years from the date of sending of the notice, as any opt-in claimants whose claims arise earlier than that date could not possibly have a claim under the Fair Labor Standards Act, and thus "providing notice to such employees would serve no useful purpose as any FLSA claims they might have had are now time-barred." (Doucoure v. Matlyn Food, Inc., 554 F.Supp.2d 369, 373 (S.D.N.Y. 2008); *see also* Anglada v. Linens 'N Things, Inc., 2007 WL 1552511 (S.D.N.Y. April 26, 2007)).

While the named Plaintiffs' New York Labor Law claims may go back to January of 2002 under the statute of limitations contained in Labor Law § 198(3), workers may not join in the New York Labor Law claims. No Rule 23 Class-Action Notice was provided by Plaintiffs with their motion papers; in any event, as set forth above, so much of Plaintiffs' motion as seeks certification of a Rule 23 class must be denied. As such, the Notice of Pendency should specifically provide that only employees who worked as non-exempt (as defined under 29 U.S.C. § 213) hourly workers later than three years from the date of mailing of the Notice can opt in to

15

the lawsuit, and should only be sent to the workers who worked for Defendants on or after that date.

### **CONCLUSION**

Plaintiffs' failure to establish the necessary requirements for certification of a Rule 23 class is clear. While there is no requirement for named Plaintiffs to represent the interests of putative class members in a collective action under 29 U.S.C. § 216(b), Plaintiffs – and their counsel – are evidently either unaware of the requirement that class representatives must protect the interests of the class, and have obligations separate and apart from that of ordinary litigants seeking only remuneration for themselves; or are unwilling or unable to uphold those obligations. If the former is the case, Plaintiffs' counsel has shown that it is not sufficiently experienced in prosecuting class actions to adequately represent the interests of the class by failing to inform the proposed Class Representatives of their duties and to prove their ability to uphold them; if it is the latter, then the failure of the proposed Class Representatives to undertake these obligations renders class certification impossible. In any event, Plaintiffs' failure to prove or allege fulfillment of the requirements of Rule 23(a)-4 renders class certification inappropriate.

Additionally, Plaintiffs' allegations that the class is sufficiently numerous to make joinder impracticable are insufficient, on their face, to establish that the numerosity requirement is met. Plaintiffs' counsel offers nothing more than conjecture and surmise that more than forty potential class members exist (Memorandum in Support, p. 8), and none of the Plaintiffs claim to have worked with more than "approximately twenty" other potential class members. Coupled with the fact that twenty five former employees of Defendants, many of whom were named by Plaintiffs as potential class members, have already settled and released claims for overtime compensation against Defendants through lawsuits filed by Plaintiffs' current counsel – which Plaintiffs'

counsel curiously fails to mention anywhere in the moving papers – it is clear that the class is not sufficiently numerous to satisfy the requirements of F.R.C.P. Rule 23.

Wherefore, for the reasons set forth above and those set forth in the accompanying Declaration of James Emmet Murphy, Defendants respectfully request that this Court issue an Order (1) denying Plaintiffs' motion for class certification of Plaintiffs' New York State Labor Law claims under F.R.C.P. Rule 23; and (2) granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      December 31, 2008

              BARNES IACCARINO VIRGINIA AMBINDER
              AND SHEPHERD, PLLC

              By:_____/s_____
                    James Emmet Murphy (JM 7481)
                    111 Broadway
                    Suite 1403
                    New York, New York 10006
                    (212) 943-9080
                    *Attorneys for Defendants*