MICHAEL FAILLACE & ASSOCIATES, P.C.
Michael A. Faillace, Esq. [MF-8436]
110 East 59th Street, 32nd Floor
New York, New York 10022
(212) 317-1200
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------X
JOSE A. ALCANTARA, BOLIVAR
CANELA, EDWIN COLLADO, FREDDY
CRUZ, JUAN GONZALEZ, and VICTOR
GONZALEZ, *individually and on behalf of*       **08 CV 291 (MHD)**
*others simiarly situated*,

                                                     **REPLY AFFIDAVIT OF**
                    *Plaintiffs*,        **RICHARD F. BERNSTEIN**

          -against-                **ECF Case**

CNA MANAGEMENT, INC., and CESAR
ABREU,

                               *Defendants.*

--------------------------------------------------------X

       Richard F. Bernstein, an attorney duly admitted to practice in the state of New York and in this court, affirms pursuant to 28 U.S.C. § 1746:

       1.    I am of counsel to Michael Faillace & Associates, the attorneys for the plaintiffs in this action.  I submit this reply affirmation in support of the plaintiffs' motion for collective action and class certification.

       2.    The defendants have produced in this action, and their witnesses authenticated, CNA's payroll spreadsheets for the years 2002 through 2007.  See deposition of Cesar Abreu, CNA's principal, pp. 5-10, 14-20, 93-94, 97-98, 101-103, 106-111 (reply ex. A).  The spreadsheets contain on a weekly basis the names of employees, purported hours worked, and related paycheck amounts.  Sample pages from

the records of the years 2002 through 2007 is attached (reply ex. B through G, respectively).[1]

       3.    In the records for 2005 through 2007, the defendants blacked out the full names of employees other than the named plaintiffs.  However, the names appear in abbreviated form, which makes it possible to exclude overlap with names of employees that (i) are named plaintiffs; (ii) have already submitted moving affirmations or consents, or both; or (iii) have signed releases in previous litigation.[2]  Excluding all these, a number of additional employees' names appear in each year's records.  They are listed on the attached schedule (reply ex. H).

       4.    Plaintiff Jose Alcantara has reviewed the list and supplied the full name of some of the additional parking lot employees.  The names supplied by Mr. Alcantara are given in brackets.

       5.    A count of the additional employees indicates the following:

    a. At least 19 additional employees' names appear in the spreadsheets as of 2002.

    b. In addition to those appearing in 2002, 12 additional employees' names appear in the spreadsheets as of 2003.

    c. In addition those appearing in 2002 through 2003, 19 additional employees' names appear in the spreadsheets as of 2004.

    d. In addition those appearing in 2002 through 2004, 40 additional employees' names appear in the spreadsheets as of 2005.

    e. In addition those appearing in 2002 through 2005, 14 additional employees' names appear in the spreadsheets as of 2006.

---

[1] The complete set of spreadsheets, which consist of hundreds upon hundreds of pages, are in the possession of the plaintiffs' counsel and will be made available, of course, to the court and the defendants upon request.

[2] The previous actions were not certified under Rule 23.

      f.   In addition those appearing in 2002 through 2006, 12 additional employees' names appear in the spreadsheets as of 2007.

6.    The additional names alone constitute a prospective class of 116 employees and former employees. With the 6 named plaintiffs, plus the 19 others they have specifically named but not including those who previously signed releases, the number comes to 141.

7.    I state under penalty of perjury that the foregoing is true and correct. Executed on January 26, 2009.



/s/
Richard F. Bernstein