```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JOSE A. ALCANTARA, ET AL.            :
individually and on behalf of others :
similarly situated,                  :    08 Civ. 00291 (BSJ)
                                     :         Order
                Plaintiffs,          :
                                     :
        v.                           :
                                     :
CNA MANAGEMENT, INC., and CESAR ABREU,:
                                     :
                Defendants.          :
------------------------------------x
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/8/09

Plaintiffs Jose A. Alcantara, Bolivar Canela, Edwin Collado, Freddy Cruz, Juan Gonzalez, and Victor Gonzalez (collectively "Plaintiffs") bring this action, individually and on behalf of others similarly situated, against CNA Management, Inc., and Cesar Abreu (collectively "CNA" or "Defendants") for violations of the Federal Labor Standards Act of 1938, 29 U.S.C. § 201-219 ("FLSA"), and New York Labor Law ("NYLL"), Article 6, § 190 et seq. Before the Court is the motion of Plaintiffs requesting 1) certification of the action as a collective action pursuant to the FLSA, and 2) certification of the action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. For the reasons set forth below, both of Plaintiffs' Motions for Certification are GRANTED.

1

## BACKGROUND

Plaintiffs are current and former parking lot attendants of Defendant CNA Management, Inc., which operates a chain of parking lots in New York City. (Compl. ¶¶ 1-3.) Defendant Cesar Abreu owns and operates CNA. (Id.) Plaintiffs make essentially three claims against CNA. First, Plaintiffs claim that CNA "willfully failed to pay Plaintiffs at the applicable minimum hourly rate" under both the FLSA and NYLL. (Id. ¶ 106.) Plaintiffs allege that despite working over seventy hours per week, their "paychecks reflected 40 hours of work a week" and did not provide "an accurate indication as to their rate of pay, daily hours worked, or total hours worked each week." (Id. ¶¶ 75-76.) Second, Plaintiffs claim that they did not receive overtime compensation required by the FLSA and NYLL. (Id. ¶ 4.) Plaintiffs allege that they "actually worked well in excess of the small number of overtime hours reported on the paychecks." (Id. ¶ 76.) Third, Plaintiffs claim that Defendants did not "pay Plaintiffs an additional hour's pay for each day Plaintiffs worked more than ten hours in violation of the Spread of Hours Wage Order" under NYLL. (Id. ¶ 121.) Plaintiffs allege that CNA required 12-hour shifts without any time off for meals or breaks. (Id. ¶ 83.)

2

## I. FLSA 216(b) CLASS CERTIFICATION

Regarding their FLSA claim, Plaintiffs request that the Court certify the collective action and authorize the distribution of notice to current and former employees of CNA. Defendants do not oppose Plaintiffs' request for FLSA collective action certification. (Def. Opp. at 2.) Plaintiffs' request for court-approved notice of pendency pursuant to 29 U.S.C. § 216(b) is therefore GRANTED.

## II. RULE 23 CLASS CERTIFICATION

Plaintiffs also request that the Court grant their Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). Defendants object to this certification, claiming that Plaintiffs fail the numerosity and adequacy requirements of 23(a).

### A. RULE 23 LEGAL STANDARD

To qualify for Rule 23 class certification, Plaintiff must prove that the putative class action meets each of the four requirements set forth in Federal Rule of Civil Procedure 23(a): numerosity, commonality, typicality, and adequacy of representation. In re IPO Sec. Litig., 471 F.3d 24, 41 (2d Cir. 2006). Additionally, Rule 23(b) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and ... a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.[1]

1. Numerosity

Rule 23(a)(1) requires a potential class to be "so numerous that joinder of all members is impracticable." Evidence of exact size or identity of class members is not required, see Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993), and numerosity is generally presumed when the prospective class consists of 40 members or more. Iglesias-Mendoza v. La Belle Farm, Inc., 239 F.R.D. 363, 370 (S.D.N.Y. 2007).

Defendants claim that Plaintiffs have failed to prove this numerosity requirement. Defendants argue that "[w]here the plaintiff's assertion of numerosity is pure speculation or bare allegations, the motion for class certification fails." Edge v. C. Tech Collections, Inc., 203 F.R.D. 85 (E.D.N.Y. 2001). Defendants contend that no plaintiff has identified more than twenty other potential class members who could join this suit, and various employees named in Plaintiffs' affidavits have already settled wage claims with Defendants. Defendants argue that "there are simply not enough putative class members to warrant class certification." (Def. Opp. at 10.)

---

[1] While the Court should not decide the merits of the claims at the class certification stage, Rule 23 certification "can be made only if the judge resolves factual disputes relevant to each Rule 23 requirement and finds that whatever underlying facts are relevant to a particular Rule 23 requirement have been established." In re IPO Sec. Litig., 471 F.3d at 42.

"[A] plaintiff need not present a precise calculation of the number of class members and it is permissible for the court to rely on reasonable inferences drawn from available facts...." Velez v. Majik Cleaning Service, Inc., 2005 WL 106895 at *2 (S.D.N.Y. January 19, 2005). In addition to the allegations of the five named plaintiffs in this case, Plaintiffs have provided four more affidavits of individuals who have filed consents to be plaintiffs. These nine individuals have identified twenty other workers by name, excluding those whom have already settled. Plaintiffs have also identified through CNA's payroll records the names of over 100 additional individuals who were employed by the defendants on an hourly basis, excluding the named plaintiffs, employees who have already submitted moving affidavits and/or consents, and employees who signed releases in previous litigation. (Bernstein Reply Affid., ¶¶ 2-5.) The Court thus draws a "reasonable inference" that of the 100 other names that Plaintiffs plan to send notice to, thirteen additional plaintiffs exist, to thus reach the general presumption of numerosity. Joinder of the claims is impracticable and the numerosity requirement is met.

2. Commonality and Typicality

Rule 23(a)(2) requires that there be "questions of law or fact common to the class," and Rule 23(a)(3) requires that the "claims or defenses of the representative parties are typical"

of the class. As a practical matter, the two requirements merge in the Second Circuit's inquiry. Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 291 (2d Cir. 1999); see also Iglesias-Mendoza, 239 F.R.D. at 370. The commonality and typicality requirements are satisfied "when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove defendant's liability." Robidoux, 987 F.2d at 936-37.

Plaintiffs share the following common questions of law or fact with potential class members: what hours the parking attendants regularly worked; what practice or procedure the Defendants employed to pay them; what policies and practices Defendants applied with respect to parking attendants' break times, tips, and deductions from pay; and whether these practices violated the FLSA and NYLL. Additionally, Defendants do not argue that Plaintiffs lack commonality and typicality. The Court finds that commonality and typicality are met.

### 3. Fairness and Adequacy of Representation

Rule 23(a)(4) requires plaintiffs to demonstrate that the proposed action will "fairly and adequately protect the interests of the class." To satisfy this requirement, plaintiffs must show (1) that there is an absence of conflict and antagonistic interests between them and the class members, and

(2) that plaintiffs' counsel is qualified and capable of conducting the litigation. Iglesias-Mendoza, 239 F.R.D. at 373.

Defendants do not challenge the qualifications or capability of Plaintiffs' counsel but do argue that Plaintiffs fail to protect the interests of other class members. In Maywalt v. Parker & Parsley Petroleum Co., the Second Circuit held that "class certification may properly be denied 'where the class representatives ha[ve] so little knowledge of and involvement in the class action that they would be unable or unwilling to protect the interests of the class against the possibly competing interests of the attorneys." 67 F.3d 1072, 1077-78 (2d Cir. 1995)(citations omitted). Defendants argue that Plaintiffs have failed to show, through affidavit or deposition, any knowledge of their duties as class representatives, or ability or desire to take on those duties. Defendants specifically cite the deposition testimony of Plaintiff Juan Gonzalez where Mr. Gonzalez states that he had never seen any papers which bear the caption to this lawsuit. Defendants state that such ignorance of the claims show that Plaintiffs are not "familiar with the action" and "have abdicated control of the litigation to class counsel." (Def. Opp. at 11 (citing Velez, 2005 WL 106895 at *3).)

The actual and prospective plaintiffs are parking lot attendants with limited education and English-speaking skills.

7

(Pl. Reply at 4.) Defendants do not challenge Plaintiffs' personal familiarity with the facts of this case, only their lack of legal sophistication. Courts have emphatically rejected attempts such as this to discredit class certification. "For the legal underpinnings of their claims, plaintiffs are entitled to rely on the expertise of their counsel." Iglesias-Mendoza, 239 F.R.D. at 372 ("[T]he courts have held that 'a rigid application of this [adequacy] requirement is inappropriate where, as here, the class comprises relatively low-skilled laborers. Such inflexibility runs counter to a principal objective of the class action mechanism — to facilitate recovery for those least able to pursue an individual action." (citations omitted)). Because the Plaintiffs are familiar with the facts of this case, and are not antagonistic to or conflicted with potential class members, the Court finds the Plaintiffs to be adequate in their representation of the class.

4. Rule 23(b) Requirements

Plaintiffs seek certification under Rule 23(b)(3), which provides for a class action when "questions of law or fact common to class members predominate over any questions affecting only individual members, and ... a class action is superior to other available methods for the fair and efficient adjudication of the controversy." As described above, common questions of law and fact exist and predominate over any other questions. Also,

in this case a class action is superior to other available methods because it is desirable to concentrate the litigation in one forum, individual litigation costs would likely exceed any gains from the overtime or wages recovery, and potential plaintiffs are current employees of Defendants and thus are not inclined to pursue individual claims. Additionally, Defendants do not argue that Plaintiffs fail to qualify under Rule 23(b). The Court finds that the requirements of Rule 23(b) are satisfactorily met.

## C. PROPOSED NOTICE

Plaintiffs' propose a joint notice of pendency for both FLSA and NYLL claims, addressed to: "Current and Former Employees of CNA Management, Inc. who were employed on or after January 14, 2002 and who either: (a) worked over forty (40) hours during some workweeks and were not paid overtime, or (b) were not paid the minimum wage ...." (Faillace Affirm. Ex. B at 1 (Proposed Notice of Pendency).) Defendants argue that this notice contains two major defects: (i) the notice is overbroad because it lacks any mention of possible exemptions to the FLSA, and (ii) the notice is addressed to potential plaintiffs who worked for Defendants beyond the statute of limitations. The Court addresses each of these objections below, bearing in mind, however, the general proposition that opt-in notice at this early stage of the litigation—at the outset of discovery—is to

9

be construed broadly in furtherance of the remedial purposes of the FLSA, see Jackson v. New York Telephone Co. 163 F.R.D. 429, 431 (S.D.N.Y. 1995).

First, Defendants argue that the proposed notice "makes no mention of any employees who are or may be exempt from the requirements of the [FLSA]" and is therefore overbroad. Defendants do not cite any authority to support their assertion that exempted employees must be explicitly excluded on the notice. Nor do defendants mention any exemption in 29 U.S.C. § 213 that might possibly apply to any employee of CNA. The Court finds that Plaintiffs' proposed notice is not overbroad. "Even if plaintiffs' claims turn out to be meritless or, in fact, all the plaintiffs turn out not similarly situated, notification at this stage, rather than after further discovery, may enable more efficient resolution of the underlying issues." Krueger v. New York Telephone Company, 1993 WL 276058, at *2 (S.D.N.Y. July 21, 1993).

Second, Defendants seek to limit the notice period to include only potential plaintiffs who were employed within the three-year statute of limitations under the FLSA. The FLSA provides a three-year statute of limitations for willful violations under the statute. 29 U.S.C. § 255(a). Plaintiffs seek to extend the notice to six years for CNA employees in

accordance with NYLL § 198(3) (providing a six-year statute of limitations for wage claims).

Because the Court has certified both the FLSA and Rule 23 actions, Plaintiffs' joint notice of pendency is proper. Rule 23 allows the identification and notification of the group of employees who have claims under the NYLL, and the notice (with its six-year "look-back" period) serves the purpose of alerting employees and former employees who may have such NYLL claims. The Court thus authorizes notice to go back six years with respect to CNA employees. See Kumar Realite v. Ark Restaurants Corp., 7 F.Supp.2d 303, 308 (S.D.N.Y. 1998) (Sotomayor, J.) (authorizing the plaintiffs in collective action to provide notice to employees who worked at defendants' New York restaurants within the last six years of the pendency of the lawsuit as "[i]t will then be up to those individuals to decide whether they wish to opt-in to this action"); see also Harrington v. Educ. Mgmt. Corp., 2002 WL 1343753, at *2 (S.D.N.Y. 2002)(authorizing notice to go back six years with respect to those similarly situated employees who worked in the defendants' New York facilities).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Conditional Certification as a Collective Action pursuant to the FLSA and as a Class Action pursuant to Rule 23 are GRANTED, and

11

Plaintiffs' proposed notice is adopted. Defendants are to furnish the names and last known physical addresses of the Defendants' current and former parking garage attendant employees and authorize the Plaintiffs to post and circulate the notice of pendency to all individuals who are similarly situated.

SO ORDERED:

*[signature]*
BARBARA S. JONES
UNITED STATES DISTRICT JUDGE

Dated:   New York, New York
         December 7, 2009